**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-01623-DDD-KAS

EDGAR MARTINEZ PABON,

> Petitioner,

v.

JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
   Aurora, CO;
GEORGE VALDEZ, Denver Field Office Director, U.S. Immigration
   and Customs Enforcement;
DAVID VENTURELLA, Acting ICE Director;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland
   Security;
TODD BLANCHE, Acting Attorney General of the United States,

> Respondents.[1]

---

## ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Edgar Martinez Pabon seeks a writ of habeas corpus directing his release from immigration detention. Doc. 10. For the following reasons, his petition is denied.

### BACKGROUND[2]

The petitioner is a native and citizen of Colombia. Doc. 10 at 4; Doc. 11-1 at 2. On October 16, 2023, the petitioner entered the United

---

[1]    To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

[2]    In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

States by illegally crossing the U.S.-Mexico border and was appre-hended by U.S. Customs and Border Protection shortly thereafter. Doc. 11-1 at 2. On November 15, 2023, the U.S. Department of Home-land Security removed the petitioner from the United States to Colom-bia pursuant to an expedited removal order issued under 8 U.S.C. § 1225(b)(1). *Id.* at 2-3; Doc. 10 at 2, 9.

On August 25, 2024, the petitioner reentered the United States, again by illegally crossing the U.S.-Mexico border, and was apprehended by CBP shortly thereafter. Doc. 11-1 at 3; Doc. 10 at 5; Doc. 10-1 at 14. Pursuant to 8 U.S.C. § 1231(a)(5), CBP issued a Form I-871 reinstating the petitioner's prior order of removal. Doc. 11-1 at 3; Doc. 10-1 at 31-33; *see also* 8 C.F.R. § 241.8. The petitioner asserted a fear of persecution if returned to Colombia, and on September 26, 2024, he was placed in withholding-only proceedings in immigration court following a reasona-ble-fear determination by an asylum officer. Doc. 11-1 at 3; Doc. 10-1 at 4-13; Doc. 10 at 9. U.S. Immigration and Customs Enforcement then released the petitioner under an order of supervision. Doc. 11-1 at 3; Doc. 1-3. On October 25, 2025, ICE revoked the petitioner's release and re-detained him pending completion of his withholding-only proceed-ings. Doc. 11-1 at 3-4; Doc. 10 at 2.

In immigration court, the petitioner filed a Form I-589 application for fear-based protection from removal. Doc. 11-1 at 4; Doc. 10 at 6. The Executive Office for Immigration Review's Automated Case Information system indicates that on May 7, 2026, an Immigration Judge denied the petitioner's application, and that an appeal to the Board of Immigration Appeals is currently pending. *See* Dep't of Just. Exec. Office for Immigr. Rev., *Automated Case Information*, https://acis.eoir.justice.gov/en (last visited July 21, 2026) (allowing search by A-number). The respondents state that there is no impediment to the petitioner's removal upon com-

pletion of his withholding-only proceedings if the IJ's order is ultimately affirmed. Doc. 11-1 at 5. They state that "ICE conducts removals to Colombia every week," and the petitioner "is similarly situated to other individuals that are removed to Colombia on a routine basis." *Id.*

The petitioner contends that his detention has become unreasonably prolonged in violation of the Immigration and Nationality Act and his due-process rights. Doc. 10 at 6-10.

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## DISCUSSION

If a noncitizen is ordered removed, he becomes subject to mandatory detention under 8 U.S.C. § 1231(a)(2)(A) during the ninety-day "removal period." After that, the government may in some circumstances continue to detain him under Section 1231(a)(6) while it attempts to effectuate removal, so long as detention is not indefinite and removal is reasonably foreseeable. *See Zadvydas*, 533 U.S. at 688-701; *accord Clark v. Martinez*, 543 U.S. 371, 377-86 (2005); *Morales-Fernandez v. INS*, 418

U.S. 1116, 1123-24 (10th Cir. 2005). After six months of detention, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must either "respond with evidence sufficient to rebut that showing," *Zadvydas*, 533 U.S. at 701, "or release the alien," *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021).

The petitioner here has been detained for approximately nine months. He asserts that his removal is not reasonably foreseeable because his pending appeal to the BIA may not be resolved for "many months or even years." Doc. 10 at 2. But the Tenth Circuit has held that when a noncitizen is detained under Section 1231 pending resolution of a motion to reopen removal proceedings,

> his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas*; it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore* . . . .

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (affirming denial of habeas relief where petitioner had been detained for over two years). And other circuit courts have similarly held that when a noncitizen is detained under Section 1231 pending completion of withholding-only proceedings, as the petitioner is here, that detention "simply is not the type of 'indefinite and potentially permanent' detention at issue in *Zadvydas*" because "withholding-only proceedings are *finite*." *Castaneda v. Perry*, 95 F.4th 750, 756-57 (4th Cir. 2024) (4.5-year detention); *accord G.P. v. Garland*, 103 F.4th 898, 902-03 (1st Cir. 2024) (over three-year detention). Indeed, the petitioner acknowledges that his "detention will definitely terminate at some point" following resolution of his pending appeal. Doc. 10 at 2. And he does not assert that there is any impediment to his removal if the IJ's order is ultimately affirmed. In these cir-

cumstances, his continued detention under Section 1231(a)(6) is lawful. *Cf. Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (forty-month detention under Section 1226(a) pending completion of removal proceedings not impermissibly indefinite under *Zadvydas*; "Although a precise end-date to his removal cannot be pinpointed, that is because his removal proceedings continue, not because the government cannot remove him.").

## CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 5, is **DISCHARGED**, and the Amended Petition for Writ of Habeas Corpus, **Doc. 10**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to: (1) substitute George Valdez, Denver Field Office Director, U.S. Immigration and Customs Enforcement, in place of Respondent Robert Hagan; (2) substitute David Venturella, Acting ICE Director, in place of Respondent Todd M. Lyons; and (3) substitute Todd Blanche, Acting Attorney General of the United States, in place of Respondent Pamela Bondi; and

The Clerk of Court is **FURTHER DIRECTED** to enter final judgment and close this case.

DATED: July 22, 2026                    BY THE COURT:

Daniel D. Domenico
Chief United States District Judge

- 5 -